**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | **Case No. 18-3103-01-CR-S-RK** |
| **CHAD R. WEIS**, | |
| Defendant. | |

## MOTION OF THE UNITED STATES FOR PRETRIAL DETENTION HEARING PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)

The United States of America, by the United States Attorney for the Western District of Missouri, hereby moves the Court to order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offense of possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C); possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A); and felon in possession of firearms and ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

2. The defendant poses a risk to the safety of others in the community; and

3. The defendant poses a serious risk to flee.

## SUPPORTING SUGGESTIONS

Subsection 3142(f), 18 U.S.C. provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for 10 years or more is possible. In this case, the defendant is charged with possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a crime for which a sentence of imprisonment of 20 years is possible.

The Government further submits that in light of the Indictment filed in this case, there is probable cause to believe the defendant violated 21 U.S.C. § 841(a)(1) and (b)(1)(C). Accordingly, the Government suggests that upon a showing that there exists probable cause that the defendant committed the offense referred to in the Indictment, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Section 3142(e) and (f)(1) provides that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act as referred to above. Under the Bail Reform Act there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty which conviction could bring. *See Apker*, 964 F.2d at 744; *See also United*

*States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979). As set forth above, the defendant's statutory sentencing range is currently a term of imprisonment of not more than 20 years' imprisonment.

To further support the Government's contention of the defendant's risk to the safety of the community and to flee, the Government offers that:

 1. Weis has six prior felony convictions, which include felony convictions for possession of a controlled substance, assault in the second degree, receiving stolen property, possession of equipment parts with altered identification numbers, burglary in the second degree, and manufacturing of a controlled substance. In five of Weis' six felony convictions, his probation was revoked. Regarding his last conviction, manufacturing of a controlled substance, he is currently facing revocation proceedings. Also, Weis committed this offense while on probation for that case.

 2. In addition to his prior felony convictions, Weis has misdemeanor convictions for peace disturbance, property damage, stealing, assault in the third degree, driving while under the influence of drugs, and resisting an arrest.

 2. On June 2, 2017, while at the emergency room at Mercy Hospital seeking treatment for hand and shoulder injuries, Weis identified himself to hospital staff as "Chase Miller." When hospital security officers attempted to confront Weis about his fictitious name, Weis fled on foot. During the pursuit, Weis dropped a Taurus brand, PT 111 model, 9 mm, semi-automatic pistol, serial number TJU89279, with ammunition.

 3. On June 14, 2017, Weis fled from law enforcement officers on two occasions. The first occurred while he was operating a motorcycle, and the second, after his motorcycle had collided with a Lexus sedan, and he fled on foot. After a pursuit, law enforcement officers found in Weis' possession a stolen, Taurus brand, model 85, .38-caliber revolver, serial number IP93478, with five rounds of ammunition in the magazine; a stolen, Kel-Tec brand, P-11 model, 9mm, semi-automatic pistol, serial number AA9F72, with one round of ammunition in the magazine and one round in the chamber; 13.98 grams of methamphetamine; and a digital scale.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

By  */s/ Nhan D. Nguyen*
Nhan D. Nguyen
Missouri Bar No. 56877
Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2511

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was delivered on November 9, 2018, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Nhan D. Nguyen*
Nhan D. Nguyen
Assistant United States Attorney